IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LODSYS GROUP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:12-cv-750 |
| | § | |
| BURBERRY LIMITED; | § | |
| DOVER SADDLERY, INC.; | § | **JURY TRIAL DEMANDED** |
| FREESCALE SEMICONDUCTOR, INC.; | § | |
| GODIVA CHOCOLATIER, INC.; | § | |
| HANNA ANDERSSON, LLC; | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lodsys Group, LLC ("Lodsys"), for its complaint against the above-named defendants, alleges as follows:

### THE PARTIES

1. Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas.

2. Defendant Burberry Limited ("Burberry") is a New York corporation with its principal place of business in New York, New York.

3. Defendant Dover Saddlery, Inc. ("Dover") is a Delaware corporation with its principal place of business in Littleton, Massachusetts.

4. Defendant Freescale Semiconductor, Inc. ("Freescale") is a Delaware corporation with its principal place of business in Austin, Texas.

5. Defendant Godiva Chocolatier, Inc. ("Godiva") is a New Jersey corporation with its principal place of business in New York, New York.

6. Defendant Hanna Andersson, LLC ("Hanna") is a Delaware limited liability company with its principal place of business in Portland, Oregon.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that defendants reside in this district, a substantial part of the events giving rise to the claims occurred in this district, and/or the defendants have a regular and established practice of business in this district and have committed acts of infringement in this district.

8. This Court has general and specific personal jurisdiction over defendants, because each defendant has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district. Upon information and belief, each defendant regularly solicits business in the State of Texas and this district; derives revenue from products and/or services provided to individuals residing the State of Texas and this district; conducts business utilizing the claimed systems and methods with and for customers residing in the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

9. Defendants are properly joined in this action because each of the defendants make or utilize infringing websites with live interactive chat technology and/or the same infringing process.

## INFRINGEMENT OF U.S. PATENT NO. 7,620,565

10. On November 17, 2009, U.S. Patent No. 7,620,565 (the "'565 patent") was duly and legally issued for a "Customer-Based Product Design Module." A true and correct copy of the '565 patent is attached hereto as Exhibit A. Lodsys is the owner by assignment of all rights, title, and interest in and to the '565 patent.

11. Defendant Burberry has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Burberry's website), one or more of the claims of the '565 patent. Burberry manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services —

including but not limited to Burberry's website www.burberry.com, with live interactive chat features — which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

12. Defendant Dover has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Dover's website), one or more of the claims of the '565 patent. Dover manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Dover's website www.doversaddlery.com, with live interactive chat features — which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

13. Defendant Freescale has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Freescale's website), one or more of the claims of the '565 patent. Freescale manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Freescale's website www.freescale.com, with live interactive chat features — which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

14. Defendant Godiva has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Godiva's website), one or more of the claims of the '565 patent. Godiva manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Godiva's website www.godiva.com, with live interactive chat features — which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

15. Defendant Hanna has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Hanna's website), one or more of the claims of the '565 patent. Hanna manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Hanna's website www.hannaandersson.com, with live interactive chat and/or user feedback form features — which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

16. Defendants' acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys's Complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**INFRINGEMENT OF U.S. PATENT NO. 7,222,078**

17. On May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") was duly and legally issued for "Methods and Systems for Gathering Information from Units of a Commodity Across a Network." A true and correct copy of the '078 patent is attached hereto as Exhibit B. Lodsys is the owner by assignment of all rights, title, and interest in and to the '078 patent.

18. Defendant Burberry has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Burberry's website), one or more of the claims of the '078 patent. Burberry manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Burberry's website www.burberry.com, with live interactive chat features — which infringe at least claim 1 of the '078 patent under 35 U.S.C. § 271.

19. Defendant Dover has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Dover's website), one or more of the claims of the '078 patent. Dover manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Dover's website www.doversaddlery.com, with live interactive chat features — which infringe at least claim 1 of the '078 patent under 35 U.S.C. § 271.

20. Defendant Freescale has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Freescale's website), one or more of the claims of the '078 patent. Freescale

manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Freescale's website www.freescale.com, with live interactive chat features — which infringe at least claim 1 of the '078 patent under 35 U.S.C. § 271.

21.     Defendant Godiva has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Godiva's website), one or more of the claims of the '078 patent.  Godiva manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Godiva's website www.godiva.com, with live interactive chat features — which infringe at least claim 1 of the '078 patent under 35 U.S.C. § 271.

22.     Defendant Hanna has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Hanna's website), one or more of the claims of the '078 patent.  Hanna manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Hanna's website www.hannaandersson.com, with live interactive chat and/or user feedback form features — which infringe at least claim 1 of the '078 patent under 35 U.S.C. § 271.

23.     Defendants' acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys's Complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lodsys respectfully requests a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lodsys Group, LLC, respectfully requests entry of judgment in its favor and against defendants as follows:

(a)     Declaration that (1) defendants have infringed U.S. Patent No. 7,620,565; and (2) defendants have infringed U.S. Patent No. 7,222,078;

(b)     Awarding the damages arising out of (1) defendants' infringement of U.S. Patent No. 7,620,565; and (2) defendants' infringement of U.S. Patent No. 7,222,078 to Lodsys, together with pre-judgment and post-judgment interest, in an amount according to proof;

(c)     Finding defendants' infringement to be willful from the time that defendants became aware of the infringing nature of their respective products and services, which is the time of receiving a notice letter from Lodsys or the filing of Lodsys' Complaint at the latest, and awarding treble damages to Lodsys for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(d)     Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(e)     Awarding such other costs and further relief as the Court may deem just and proper.

Dated: December 4, 2012

Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM, PC**
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@bdavisfirm.com

Michael A. Goldfarb
Christopher M. Huck
Kit W. Roth
**KELLEY, GOLDFARB,
GILL, HUCK & ROTH, PLLC**
700 Fifth Avenue, Suite 6100
Seattle, Washington 98104
Telephone: (206) 452-0260
Facsimile: (206) 397-3062
Email: goldfarb@kdg-law.com
Email: huck@kdg-law.com
Email: roth@kdg-law.com

**Attorneys for Plaintiff
Lodsys Group, LLC**